MARY CVELICH, ADMINISTRATRIX OF THE ESTATE OF PAUL CVELICH, PLAINTIFF-RESPONDENT, v. ERIE RAILROAD COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 1, 1938—Decided June 13, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst*).

For the plaintiff-respondent, *Alexander L. Simpson.*

BODINE, J. The defendant appeals from a judgment in favor of the plaintiff, the widow and administratrix of a deceased deckhand employed by the defendant on its tug "Akron." The action was instituted under the provisions of section 33 of the Merchant Marine act of 1920. 46 *U. S. C. A.,* § 688. The act provides that in the case of the death of a seaman, as the result of injury in the course of his employment, his representatives may maintain an action for

damages in the same manner that actions may be maintained in case of the death of a railroad employe. The Federal Employers' Liability act (45 *U. S. C. A.* 92, § 51) provides for recovery in the case of the death of a railroad employe resulting in whole or in part from the negligence of any of the officers, agents, or employes of the carrier.

We think a nonsuit should have been granted. The deceased in some unknown manner fell from the "Akron" and was drowned. The allegation of negligence was that the crew at the time of the accident was negligent in not properly and in a timely manner rescuing the deceased. The first witness called in behalf of the plaintiff was a Mrs. Buckley, who lived on a houseboat stationed in the vicinity of that part of New York bay where the drowning occurred. She said that after the tug turned around and proceeded in the direction of the man a life preserver attached to a rope was thrown to him and that when he could almost reach it, it was pulled away. The line looked to her as if it were too short and, therefore, when the man tried to reach it, the tug would back away because of poor handling of the boat or line.

The next witness, the marine superintendent of the defendant, testified that the tug had a full crew and the full complement of life preservers; that the boat was regularly inspected by the United States Department of Commerce, and that he had the certificates of inspection showing compliance with government regulations.

The captain of the vessel testified that as soon as he heard that there was a man overboard, he immediately turned around on the port wheel and came around to where the man was. He brought the boat to almost a dead stop and when she was about twenty feet away from him the life ring was thrown. When the man could not take hold of the ring a deckhand went overboard after him. He sank, however, before he was reached and the deckhand dove twice under water in order to find him. The deckhand, who had made this valiant effort to save the deceased, corroborated the captain.

That was all of the plaintiff's proofs on the question of negligence. But for Mrs. Buckley's testimony, there is no

proof whatever that the tug was improperly handled, or that the rope on the life ring was of improper length. The proof of the witnesses present on the boat and called as witnesses, was to the effect that everything was in order, that the life ring had a proper length of rope, and that the tug was turned around as soon as it was discovered that there was a man overboard, and show besides that the tug was skillfully handled, and that the officers and crew did all that could be done under the circumstances to rescue the deceased.

"We, therefore, have a case belonging to that class of cases where proven facts give equal support to each of two inconsistent inferences; in which event, neither of them being established, judgment, as a matter of law, must go against the party upon whom rests the necessity of sustaining one of these inferences as against the other, before he is entitled to recover." *Pennsylvania Co.* v. *Chamberlain,* 53 *Sup. Ct. Rep.* 393.

The plaintiff must establish her case by a preponderance of the evidence and where proofs are introduced showing a set of circumstances under which there would be liability, and also showing another set of circumstances under which there would be no liability, the plaintiff manifestly has failed to establish her case. *Kresse* v. *Metropolitan Life Insurance Co.,* 111 *N. J. L.* 474.

"In actions under the Federal Employer's Liability act, wherever brought, the rights and obligations of the parties depend upon it and applicable principles of common law as interpreted and applied in the federal courts, without regard to the views of the courts of the state in which action is brought." *Matarani* v. *Reading Co.,* 119 *N. J. L.* 43.

The plaintiff cannot be said to have met the burden of proof, when the witnesses called by her testified to facts indicative that the officers and crew of the "Akron" were not negligent, merely because one of her witnesses in a vague and uncertain manner testified to facts and circumstances indicative of another situation. This view of the case makes it unnecessary to consider alleged errors in the charge of the trial judge.

The judgment under review is reversed.